An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-782

NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

　　v.

PATRICK LEE EWART

Jackson County
No. 11 CRS 1364

Appeal by defendant from judgment entered 8 August 2012 by Judge Alan Z. Thornburg in Jackson County Superior Court.  Heard in the Court of Appeals on 31 March 2014.

> *Roy Cooper, Attorney General, by Lauren M. Clemmons, Special Deputy Attorney General, for the State.*

> *David Belser for defendant-appellant.*

DAVIS, Judge.

Defendant Patrick Lee Ewart ("Defendant") appeals from the judgment entered after a jury found him guilty of taking indecent liberties with a child.  Defendant contends the trial court erred in admitting evidence of a previous sexual assault committed by him.  After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

Brenda[1], the victim in this case, babysat Defendant's sons during the summer and fall of 2010, when she was fifteen years old. On 8 October 2010, Brenda was babysitting one of Defendant's sons at his home. Brenda took her younger brother with her for the evening. Defendant and his wife were expected to arrive home late, so Brenda and her brother planned to spend the night. Brenda went to bed but woke up during the night because she could sense someone else was in the room. When she awoke, she saw Defendant. Defendant pulled back the covers and touched Brenda on her right breast and in her vaginal area. Later that day, Brenda told her boyfriend and family members about the incident, and her family contacted the Jackson County Sheriff's Department.

Prior to trial, the State filed written notice of its intent to introduce evidence of prior bad acts by Defendant pursuant to Rule 404(b) of the North Carolina Rules of Evidence. Defendant filed a motion *in limine* seeking to prevent the State from presenting the Rule 404(b) evidence. On the second day of trial, the trial court permitted both parties to conduct a *voir dire* examination of a witness, "Samantha," through which the

---

[1] Pseudonyms are used throughout the opinion to protect the identities of individuals who were minors at the time of the incident.

State intended to offer Rule 404(b) evidence. Samantha described an incident in which Defendant had allegedly groped her breast and attempted to touch her vaginal area approximately four years earlier. Following *voir dire*, the trial court ruled the evidence was admissible pursuant to Rules 404(b) and 403. Defendant noted an exception to the trial court's ruling outside the presence of the jury but did not object when Samantha described the incident to the jury. The jury found Defendant guilty of indecent liberties with a child. Defendant appealed to this Court.

## Analysis

In his sole argument on appeal, Defendant contends the trial court erred by admitting Samantha's testimony pursuant to Rules 404(b) and 403. We first note that "to preserve for appellate review a trial court's decision to admit testimony, objections to [that] testimony must be contemporaneous with the time such testimony is offered into evidence and not made only during a hearing out of the jury's presence prior to the actual introduction of the testimony." *State v. Ray*, 364 N.C. 272, 277, 697 S.E.2d 319, 322 (2010) (citation and quotation marks omitted); N.C.R. App. P.10(a).

Here, Defendant did not object to Samantha's testimony in the presence of the jury and, therefore, did not preserve the issue of the admissibility of that evidence for appellate review. *Id.* Nevertheless, in criminal cases, issues that are not preserved by a timely objection may still be raised on appeal if the "judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P.10(a)(4). Where a defendant does not "specifically and distinctly" allege plain error, however, he is not entitled to plain error review. *State v. Davis*, 202 N.C. App. 490, 497, 688 S.E.2d 829, 834 (2010), *appeal dismissed*, 365 N.C. 366, 719 S.E.2d 623 (2011); *see also Ray*, 364 N.C. at 278, 697 S.E.2d at 322.

Here, Defendant has not specifically and distinctly alleged that the admission of Samantha's testimony amounted to plain error. In fact, Defendant's brief contains no reference to the plain error standard. Accordingly, we hold that Defendant has waived his right to appellate review of this issue.

## Conclusion

For the reasons stated above, we find that Defendant received a fair trial free from error.

NO ERROR.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).